# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**            Case No. 06-1074-04

**CHRISTINE ELISE MARCUM**

## ORDER

This cause came on for consideration after an evidentiary hearing on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNITED STATES' EMERGENCY MOTION TO REVOKE DEFENDANT'S BOND AND FOR A HEARING (Doc. No. 24)** |
| **FILED:** | **March 17, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On March 15, 2006, I released Defendant Christine Elise Marcum on bond. At the hearing before me, and in the written conditions of release which Marcum signed, I required that Marcum have no contact with any of her co-defendants in this case, including Jesse Hott, and that she have no contact with any member of Mr. Hott's family.

The United States filed the motion to revoke Marcum's bond based on her alleged violation of the condition of release that she not have contact with Jesse Hott or his family. At the evidentiary hearing on the motion, the United States presented testimony that on March 15 and 16, 2006, Marcum spoke with Jesse Hott and Mr. Hott's mother by telephone. Mr. Hott is currently in jail. The

telephone calls at issue, which Hott placed to his mother who joined Marcum using a third-party calling feature, were recorded by the jail.  The United States played relevant portions of these calls in Court.

The evidence established that Marcum intentionally and willfully spoke with Jesse Hott and his mother in violation of the conditions of release.  She indicated in the recorded conversation that she knew that she was not to speak with them.  When Jesse Hott suggested that they not talk so that Marcum would not get in further trouble, Marcum responded that she could not bear not having contact with Hott.  Furthermore, Marcum made several arrangements to facilitate the improper conduct, including having the third-party call placed to her cousin's house rather than to her parents' home where she was living, and by making plans to buy a prepaid cell phone on which she could receive calls from Jesse Hott.

The presentation by the United States established by clear and convincing evidence that Marcum violated a condition of pretrial release, and that she did so knowingly and willfully.  I further find that the evidence established that Marcum is unwilling to abide by conditions of release, particularly if they prohibit her from having contact with Jesse Hott.  Accordingly, pursuant to 18 U.S.C. § 3148(b), it is **ORDERED** that Marcum's conditions of release are **REVOKED** and that she is hereby **REMANDED** to the custody of the Attorney General to be held pending further proceedings in this case.

It is further **ORDERED** as follows:

(1) Defendant shall be detained pending further proceedings and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent

      practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)    On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** in Orlando, Florida on this 17th day of March, 2006.

                                      *Karla R. Spaulding*
                                      KARLA R. SPAULDING
                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Pretrial Services Office
Counsel for Defendant Marcum